DORCAS HOPKINSON, Administratrix of DAVID HOPKINSON, *v.*
TOWN OF GUILDHALL.

Where a suit is prosecuted by an administratrix for the benefit of the heirs at law
of the estate, the heirs, in case of failure to recover, are liable to contribute for
the payment of the costs incurred; and one of the heirs, who has received a
portion of the estate in land, is not rendered a competent witness for the plain-
tiff by executing to her a release of all his interest in any portion of the estate
growing out of the claim in controversy,—his liability for costs being thereby
in no manner affected.

TRESPASS ON THE CASE for the default of John P. Denison, con-
stable of Guildhall, in not keeping and delivering up on demand cer-
tain property attached upon a writ in favor of the intestate against
James Steele. Plea, the general issue, and trial by jury, May
Term, 1846,—KELLOGG, J., presiding.

On trial, for the purpose of using John H. Hopkinson, one of the
heirs at law of the intestate, as a witness on the part of the plaintiff,
the said John executed in court a release of the following tenor;—
"Essex County, ss. May 26, 1846. For value received of Dorcas
' Hopkinson, administratrix of the estate of David Hopkinson, late
' of Guildhall in said county of Essex, I hereby release and discharge
'to said Dorcas all right, title, interest, claim and demand, which I
' have, or may have, to any portion of the estate of said David Hopkin-
' son, growing out of a claim against John P. Denison, as constable
' of said Guildhall, and which claim is now in controversy between
' said Dorcas, Adm'x, and said town of Guildhall. Witness my
' hand and seal," &c. It was admitted, that the estate of the de-
ceased had been so far settled, that the real estate had been divided
among the heirs,—a portion being distributed to said John,—and
that the personal estate was all consumed in the payment of debts.
The defendants objected to the sufficiency of the discharge; but the
court overruled the objection and admitted the witness to testify.

Verdict for plaintiff. Exceptions by defendants.

*Heywood* for defendants.

The release was insufficient, for the reason that John H. Hopkin-
son was interested in the event of the suit, on account of the costs.

If costs had been recovered against the administratrix, she could pay the same and retain the amount out of the assets, if she had any; and if not, the heirs who have received lands would be bound to contribute for that purpose. Rev. St. c. 49, §§ 45, 46, 48, 49, *Fletcher* v. *Grover*, 11 N. H. 369, *Ford* v. *Ford*, 17 Pick. 418.

*T. Bartlett* and *Wm. O. Fuller* for plaintiff.

The present question is unlike that raised in *Baxter, Adm'x,* v. *Buck*, 10 Vt. 548. The estate of Hopkinson had been so far settled, in the present case, that the real estate had been divided among the heirs, of whom John H. Hopkinson was one, and the personal estate had all been consumed in the payment of the debts. The sum recovered will be assets in the hands of the administratrix, and will constitute the whole of the personal estate unconsumed in the payment of debts; and to this the witness has released all his interest. He is not an heir expectant upon the settlement of the estate, but an heir in possession of his share of the estate. The probate court have no authority to decree distribution among the heirs, until after the payment of all liens and charges upon the estate. Rev. St. c. 53, § 3. Then the witness holds his share absolutely, subject to no charge, or lien. If the plaintiff should fail to recover, the defendants' judgment for costs would constitute no lien upon the estate. How could the administratrix ever enforce such a decree against the estate? The probate court has no power to vacate the former decree, annul the title of the heirs, and order a new and different distribution. But supposing the heirs, in consideration of having been admitted to their respective shares in the lands of the ancestor, would in equity be bound to contribute; this would not be true of John H. Hopkinson, who, pending the suit, has released all his interest in the demand. If the heirs, in equity, are bound to contribute, contribution should be made by those, only, who are to be benefited by the plaintiff's recovery.

The opinion of the court was delivered by

KELLOGG, J. The only question, presented in this case for the consideration of the court, is as to the correctness of the decision of the county court, in admitting the testimony of John H. Hopkinson. The witness was an heir at law to the plaintiff's intestate;

and, previous to his admission, he executed to the plaintiff a release of all his interest in the suit. It is, however, insisted, that he still remained interested, being liable, in the event of the plaintiff's not succeeding in the suit, to contribute to her towards the costs incurred in the prosecution;—and we think this exception is well taken. The suit was prosecuted for the benefit of the heirs at law; and, in case of failure to recover, the heirs would all be liable to contribute to the costs incurred; and the release of the witness to the plaintiff did not discharge him from that liability.

The witness was incompetent and consequently the ruling of the court below manifestly erroneous; and for this cause the judgment of the county court must be reversed.